Opinion issued November 17, 2016



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-16-00069-CR

_____

**MARCO ANTONIO MARTINEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 15**
**Harris County, Texas**
**Trial Court Case No. 2032201**

---

## MEMORANDUM OPINION

A jury convicted appellant, Marco Antonio Martinez, of theft of property valued between $500 and $1500. The trial court assessed punishment at one year confinement, which it suspended, placing appellant under community supervision

for one year. In two related points of error, appellant contends the evidence is legally insufficient to support the conviction. We affirm.

## BACKGROUND

Appellant is in the newspaper business and runs LaNeta Newspaper in Houston, Texas. The complainant, Luis Fernando Castro, is the supervisor of a newspaper distribution company. On June 5, 2015, appellant and Castro got into an argument at a Super K convenience store over whose newspapers would be displayed in the rack. Appellant hit Castro in the face with a newspaper. Castro retaliated by punching appellant. At some point in the altercation, Castro dropped the cell phone he was holding. Castro testified that appellant picked up Castro's cell phone, showed it to him, and then walked out of the store and smashed the cell phone. Castro testified that he never got his cell phone back. In contrast, appellant, testifying in his own behalf, claimed that the cell phone he picked up off the floor was his own, which he had dropped, along with his sunglasses, during the fight.

Officer V. Vo of the Houston Police Department testified that he and his partner were dispatched to the disturbance at the Super K convenience store. Officer Vo testified about the missing cell phone as follows:

> And it was confusing for us at first to determine whose phone that he had actually grabbed, because they both have—apparently, they both have the same kind of phone, it was an iPhone 6 Plus, and they were similar in color. The complainant's phone was gold in color. [Appellant's] phone, I believe it was light or gold in color as well.

2

Officer Vo further testified that, after reviewing video footage of the altercation, he was convinced that the cell phone that appellant picked up off the floor belonged to Castro, not appellant, because the video clearly showed appellant slamming the cell phone against a concrete pillar, which would have caused some damage to the cell phone. Moreover, Vo had seen appellant's cell phone when he allowed appellant to call his wife from the store, and it was not damaged in any way. Thus, Vo concluded that the cell phone that appellant picked up off the floor and slammed into the pillar belonged to Castro, not appellant. Accordingly, appellant was arrested and charged with theft.

## SUFFICIENCY OF THE EVIDENCE

In two related points of error, appellant contends the evidence is legally insufficient to support his conviction. Specifically, appellant argues that he had no intent to deprive Castro of his cell phone because it belonged to him, not Castro.

### *Standard of Review and Applicable Law*

We apply the legal standard for sufficiency of the evidence articulated in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011); *Pena v. State*, 441 S.W.3d 635, 640 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). Under this standard, we "must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences therefrom, a rational fact finder could

3

have found the essential elements of the crime beyond a reasonable doubt." *Gear*, 340 S.W.3d at 746. We cannot substitute our judgment for that of the jury by reevaluating the weight or credibility of the evidence; instead, we defer to the jury's resolution of conflicts in the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

A person commits theft "if he unlawfully appropriates property with intent to deprive the owner of property." TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2016). Given that "intent to deprive the owner of property" is an element of theft, *see Griffin v. State*, 614 S.W.2d 155, 158 (Tex. Crim. App. 1981), we must determine whether any rational trier of fact could have found this element beyond a reasonable doubt upon the evidence presented at trial. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789.

*Analysis*

Appellant argues that there was no evidence of intent to commit theft because "[a]ppellant went back to pick up his [own] sunglasses and cell phone and not with the intent to commit theft." This is based on appellant's testimony that he picked up his own cell phone, and not Castro's. However, Castro testified that the cell phone that appellant picked up off the floor, and subsequently smashed on a concrete pillar outside the store, belonged to Castro, not appellant. Appellant also contends that there were discrepancies in the State's evidence. Specifically, he

points out that Castro testified that appellant left after smashing the cell phone, while Officer Vo testified that appellant was still at the scene when he arrived. These apparent discrepancies in the testimony are within the jury's province to resolve, and we may not re-evaluate the weight and credibility of the record evidence and substitute our judgment for that of the factfinder. *See Isassi*, 330 S.W.3d at 638.

Viewing the evidence in the light most favorable to the verdict, as we must, we conclude that a rational jury could have convicted appellant of theft. Castro testified that appellant picked up Castro's cell phone, showed it to Castro, and then smashed it outside the store. The jury, in fact, had surveillance video from the convenience store, as well as still photographs, to support Castro's testimony. The jury could have disbelieved appellant's testimony that the cell phone he picked up was his own, especially because it is unlikely that appellant would smash his own cell phone, and Officer Vo saw appellant using his own undamaged cell phone after the altercation. We therefore hold that the evidence is sufficient to support appellant's conviction for theft. *See Gear*, 340 S.W.3d at 746.

We overrule appellant's two related points of error.

## CONCLUSION

We affirm the trial court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Jennings and Bland.

Do not publish. TEX. R. APP. P. 47.2(b).

6